WR-80,412-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/11/2015 12:12:10 PM
Accepted 5/11/2015 1:28:32 PM
ABEL ACOSTA
CLERK

**Cause No's. WR-80,412-01 & WR-80,412-02**
**Trial Court Cause No.'s 1996-CR-5971W-W1 & 1996-CR-5972W-W1**

RECEIVED
IN COURT OF CRIMINAL APPEALS
5/11/2015
ABEL ACOSTA, CLERK

| | | |
|---|---|---|
| EX PARTE CESAR GARZA, | § | IN THE DISTRICT COURT |
| | § | |
| | § | 290TH JUDICIAL DISTRICT |
| | § | |
| APPLICANT | § | OF BEXAR COUNTY, TEXAS |

## REQUEST FOR THE COURT TO RECONSIDER *ON ITS OWN INITIATIVE* ITS ORDER DENYING APPLICANT'S APPLICATIONS FOR WRIT OF HABEAS CORPUS WITHOUT WRITTEN ORDER [JOINED BY THE BEXAR COUNTY DISTRICT ATTORNEY'S OFFICE]

NOW COMES CESAR GARZA, Applicant in this cause by and through his attorneys of record Dayna L. Jones and Patrick Hancock, joined by Bexar County District Attorney's Office Assistant District Attorney Jay Brandon, and pursuant to Texas Rule of Appellate Procedure 79.2(d) Requests this Court to Reconsider *On Its Own Initiative* its Order Denying Applicant's Application for Writ of Habeas Corpus Without Written Order. In support of said request, Applicant would show the following:

1. Applicant filed his applications for writ of Habeas Corpus in 290th Judicial District Court on July 25, 2013. Amended writ applications were filed on March 3, 2014.

2. This Court entered an Order denying Applicant's Writ of Habeas Corpus without written order on April 29, 2015.

1

3. Applicant raised three grounds for habeas relief in each application: (I) Trial Counsel Was Ineffective for misrepresenting the immigration consequences to Mr. Garza, a permanent legal U.S. resident, that would ensue from pleading no contest to Felony Possession of a Controlled Substance and Aggravated Assault Causing Serious Bodily Injury[1], thus rendering his plea involuntary, and in violation of the Due Process Clause; (II) trial counsel had a conflict of interest; and (III) Counsel was ineffective for misrepresenting the law to applicant during plea negotiations and failing to fully investigate the facts, thus rendering Applicant's plea involuntary and in violation of Due Process.

4. The trial court ordered trial counsel William Reece to submit affidavits. The Court also held a hearing where Mr. Reece did not testify, but Mr. Garza and other witnesses did testify.

5. The trial court found Mr. Reece's affidavits to be true. In his affidavit Mr. Reece stated that he advised Applicant that aggravated assault with a deadly weapon was a first degree felony which carried a potential punishment of 5 to 99 years or life. The trial court properly found that it was a misstatement of the law.

---

[1] The two cases were handled simultaneously in one plea agreement.

6. Specifically, the trial court found that "the misinformation regarding the range of punishment for Aggravated Assault with a Deadly Weapon was conveyed to the Applicant." Thus, Applicant clearly established the first prong of an involuntary plea based on ineffective assistance of counsel. *See Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997).

7. The trial court did not, however, make a specific finding on whether "but for counsel's performance, the result of the proceeding would have been different." *See Id.* The trial court left it up to this Court to determine whether Applicant met this burden.

8. Here the trial Court left open to this Court the task of determining whether or not Mr. Garza proved the second prong – or prejudice prong – of an involuntary plea based ineffective assistance of counsel. Since Applicant clearly testified that the fear of facing 99 years caused him to abandon moving forward and presenting his self-defense claim at trial, a determination of whether Applicant proved the prejudice prong turns on Applicant's credibility. Judge Skinner made no factual findings on whether or not Mr. Garza was credible when he testified at the writ hearing that when Mr. Reece told him that if he was indicted he would face 99 years and because of this advice he was fearful of moving and fighting his case at trial. Applicant also testified that he had questioned Mr. Reece about his self-

3

defense claim to defend his case but because he was led to believe he would be facing 99 years in prison he opted to plead to probation pre-indictment. 1WH70-71.

9. At the writ hearing, Applicant testified that his main concern in facing the felony charges was deportation, but that he was also concerned about "going to prison for a very long time." 1WH67. He also testified that he opted to accept the plea and drop his self-defense claim because "what if I fought it, what if I lost, what if I did get 99 years?" 1WH75. Applicant testified that his decision to forego his self-defense claim at trial was out of fear that he would get 99 years in prison – a fear that was created by his attorney when he misrepresented the law and induced him to plead.

10. Applicant's testimony is supported by other evidence in the record. Mr. Reece stated in his affidavit that he was able to secure a plea offer for a lesser included charge that would reduce the potential jail time for Mr. Garza if he waived the indictment. Mr. Reece told Applicant that if he were to be indicted, he would face life in prison. *See Reece Affidavits*. This was not true.

11. More importantly, however, Reece himself stated that Mr. Garza accepted the plea agreement because if he went forward he would be facing life in prison. Specifically, Reece stated: "Cesar Garza was absolutely elated to

4

receive a guaranteed offer of probation as opposed to facing a sentence of 5 to 99 years or life." *Reece Affidavit.* Reece also argued: "...[GARZA] HAPPILY TOOK THE OFFER OF A GUARANTEED PROBATION TO THE LESSER INCLUDED OFFENSE OF AGGRAVATED ASSAULT CAUSING SERIOUS BODILY INJURY IN A WAIVER PLEA RATHER THAN WAITING TO BE INDICTED FOR THE 1ST DEGREE FELONY OF AGGRAVATED ASSAULT CAUSING SERIOUS BODILY INJURY WITH A DEADLY WEAPON." *Id.* (emphasis in the affidavit).

12. Determining whether Applicant's testimony is credible is necessary to the claims in this writ. "In a habeas proceeding, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and the court may accept some, all, or none of a witness's testimony. *See Ex partePeterson,* 117 S.W.3d 804, 819 n. 68 (Tex.Crim.App.2003), *overruled on other grounds by Ex parte Lewis,* 219 S.W.3d 335 (Tex.Crim.App.2007). In reviewing a trial judge's decision to grant or deny habeas relief, we afford almost total deference to the trial judge's determination of the historical facts supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Ex parte Peterson,* 117 S.W.3d at 819." *Ex Parte Gandara,* 2011 WL 5995428, 2 (Tex.App.-El Paso) (Tex.App.-El Paso,2011); *see also Oregon v. Kennedy,* 456 U.S. 667,

5

677, 102 S.Ct. 2083, 2090 (1982) ["It seems entirely reasonable to expect, therefore, that appellate judges will continue to defer to the judgment of trial judges who are 'on the scene' in this area, and that they will not inexorably reach the same conclusion on a cold record at the appellate stage that they might if any one of them had been sitting as a trial judge."] Texas also follows this rule as well *See Ex parte Wheeler*, 203 S.W.3d 317, 325 - 326 (Tex.Crim.App.,2006). In *Wheeler*, this Court held that it is "a matter of law" that "reviewing courts defer to the trial court's implied factual findings that are supported by the record, even when no witnesses testify and all of the evidence is submitted in written affidavits." *Wheeler* at 325-326 ["*See, e.g., Charles v. State,* 146 S.W.3d 204, 208 (Tex.Crim.App.2004) (reviewing courts "must view the evidence in the light most favorable to the trial court's ruling and presume that all reasonable factual findings that could have been made against the losing party were made against that losing party" even when all evidence is submitted by affidavit).

13. It is important to note that in a claim that his plea was involuntary, Mr. Garza does not have to establish that he would have prevailed at trial. "To establish prejudice in the context of an involuntary plea resulting from ineffective assistance of counsel, the applicant must demonstrate that there is

a reasonable probability that, but for plea counsel's deficient performance, the applicant would not have pleaded guilty, but would have instead insisted on going to trial." *Ex parte Romero*, 351 S.W.3d 127, 131 (Tex.App.–San Antonio,2011). In *Hill*, the Supreme Court held: "The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 'This assessment, in turn, will depend in large part,' but not exclusively, 'on a prediction whether the [errors] likely would have changed the outcome of the trial.'" *Hill*, 474 U.S. at 59. Despite having a viable self-defense claim, Mr. Garza does not have to show that he would have prevailed at trial.

14. This Court has granted relief in other cases that are similar to Applicant's case. In *Ex parte Pool*, 738 S.W.2d 285, 286 (Tex.Cr.App.,1987) this Court granted relief where Pool's "counsel erroneously advised him that if he did not enter a plea of guilty and accept the State's offer of five years, the State would enhance the punishment in his case and that he might face 25 years to 99 years or life as a habitual offender." *Id*. Mr. Pool's prior DWI

7

convictions were final on the same date and therefore would not have been used as enhancements to habitual status. Mr. Pool claimed, as Mr. Garza similarly does, "that he would not have agreed to plead guilty had he not been afraid that to do otherwise would have resulted in a minimum sentence of at least twenty-five years." *Id.*

15. This Court also granted relief in *Ex parte Del Castillo*, 2003 WL 22097074, 1 (Tex.Crim.App.,2003) where counsel erroneously advised Applicant that "he was subject to the habitual offender punishment range of not less than twenty-five years and not greater than ninety-nine years or life" and the "decision to enter the guilty pleas in these cases was not trial strategy and that the guilty pleas were not knowingly, intelligently, freely and voluntarily entered." *Id.*

16. The trial court also, in finding Mr. Reece's affidavits to be true, found that Mr. Reece's claim that Applicant was fabricating his self-defense claim to be true. This finding clearly contradicted the record evidence in this case. *See Exhibits 1-11admitted at the writ hearing.* Applicant's medical records which were in the State's file, showed the severe injuries Applicant suffered. On the record, the trial judge noted that she had read Applicant's extensive medical records noting his significant injuries.

8

17. Thus, the records in this case do not support Mr. Reece's claim that he took full discovery before advising Applicant to plead guilty and that Applicant and his counsel are now fabricating a self-defense claim 18 years after the incident. There was also a police report that depicted Applicant's statement that he wanted to file charges against Frank Duncan, the complainant, and his friend and the officer taking the report noted Applicant's injuries to his face. *See writ hearing exhibits.*

18. The judge's finding that this issue in Mr. Reece's affidavit is true is not supported by the record evidence in this case.

19. Advising Applicant to plead to the charges without investigating the facts of this case renders Mr. Reece's performance deficient. Considering Applicant testified that he wanted to raise a self-defense claim at trial, this performance by counsel prejudiced Applicant. This is especially true considering Applicant testified he abandoned his self-defense claim when counsel told him proceeding to trial meant facing up to life in prison. 1WH70-71.

20. The trial court also made no specific finding on whether Applicant's plea was involuntary due to counsel's failure to investigate the facts of this case, including his self-defense claim, before advising Applicant to accept the plea agreement.

## CONCLUSION AND PRAYER

9

WHEREFORE, PREMISES CONSIDERED, Applicant, joined by the Bexar County District Attorney's Office, prays this Court reconsider on its own initiative the decision to deny Applicant's Application for Writ of Habeas Corpus and grant Applicant the relief requested in his applications for writ of habeas or, alternatively, that these cases be remanded to the trial Court to make relevant credibility determinations.

Respectfully submitted:

/s/Dayna L. Jones
DAYNA L. JONES
Bar No. 24049450
LAW OFFICE OF DAYNA L. JONES
1800 McCullough Avenue
San Antonio, Texas 78212
210-255-8525
210-223-3248 – facsimile

PATRICK HANCOCK
Bar No. 08893060
LAW OFFICE OF PATRICK L. HANCOCK
1800 McCullough Avenue
San Antonio, TX 78212
210-888-9624
210-223-3248 – facsimile

Attorneys for Applicant

JOINED BY:

JAY BRANDON
Bar No. 02880500

10

Assistant District Attorney
BEXAR COUNTY DISTRICT ATTORNEY'S OFFICE
Paul Elizondo Tower, 3rd Floor
101 W. Nueva St.
San Antonio, Texas 78205
(210) 335-2418

**VERIFICATION**

Dayna L. Jones appeared before me in person today and stated under oath as follows:

"My name is Dayna L. Jones. I am above the age of eighteen years, and I am fully competent to make this affidavit. I am familiar with the facts stated in this Motion and they are true to best of my knowledge."

_____
Dayna L. Jones

SIGNED before me on May 11th, 2015.

_____
Notary Public, State of Texas

CARISSA DAWN CHRISTIAN
Notary Public, State of Texas
My Commission Expires
May 07, 2018

11